[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case originated in the complaint filed by the plaintiff, Richard Gustamachio, for unpaid wages, double damages, interest and attorney's fees pursuant to General Statutes § 31-72.
The pertinent part of the statute reads as follows:
 "Whenever any employer fails to pay any employee wages in accordance with the provisions of Sections 31-71a
to 31-71i, inclusive . . . such employee . . . may recover in a civil action, twice the full amount of such wages, with costs and such attorney's fees as may be allowed by the court, and any agreement between him and his employer for payment of wages other than as specified in said sections shall be no defense to such action."
The complaint is in three counts alleging liability on the wage claim against American Ingenuity, Inc., by whom plaintiff was employed from January 1994 until May, 1996. Liability is also alleged against A.I. Holdings, Inc., the successor corporation to American Ingenuity, Inc., and thirdly, Bryan David Marsh, individually, the president of both corporations.
Although liability to the plaintiff is denied by the defendants in the pleadings, at trial they have admitted liability on the part of the successor company, A.I. Holdings, Inc. only.
The defendants deny double damages are owed to the plaintiff. They have filed a set off and counterclaim against the plaintiff alleging that the sum of $69,773 is due to the corporation pursuant to a promissory note CT Page 9328 signed by the plaintiff which note is still outstanding.
 ISSUES
1. Is the defendant Bryan David Marsh personally liable to the plaintiff for payment of the corporate wage claim?
2. Is the plaintiff entitled to double damages pursuant to the statute?
3. Is the plaintiff liable to the defendant corporation(s) on his promissory note of $69,773?
 THE ISSUE OF BRYAN DAVID MARSH'S PERSONAL LIABILITY
Our Supreme Court has defined personal liability of a corporate officer for payment of wages pursuant to Gen. Stat. § 31-72. In Butler v.Hartford Technical Institute, Inc., 243 Conn. 454, 457-465 (1997), the court opined ". . . that an individual personally can be liable as an employer pursuant to § 31-72, notwithstanding the fact that a corporation is also an employer of the claimant, if the individual is the ultimate responsible authority to set the hours of employment, and to pay wages and is the specific cause of the wage violation," p. 463-464.
The wages due to the plaintiff were those wages originally deferred by agreement between the plaintiff and the corporate defendant, American Ingenuity, Inc. When the plaintiff terminated his employment, he and Marsh negotiated an agreement that the plaintiff would be paid those wages within three years of the termination date of May 1, 1996.
All negotiations were undertaken by Marsh. He alone signed the agreement to pay the wages. (Exhibit 1). The evidence is clear that Marsh made all of the operating decisions of the company. He denied the plaintiff's wage claim until the trial was almost concluded. He was the specific cause of the wage violation. Accordingly, the court finds that Bryan David Marsh is personally liable to the plaintiff for all wages and statutory damages pursuant to § 31-72.
 THE ISSUE OF THE PLAINTIFF'S LIABILITY ON THE SET-OFF AND COUNTERCLAIM AS TO HIS PROMISSORY NOTE OF $69,773
Defendants have proffered a note (Exhibit C) signed by the plaintiff in favor of American Ingenuity, Inc. in the amount of $69,773. The note is dated June 30, 1993 and is payable on demand.
The plaintiff testified that he did not owe the company this money, the CT Page 9329 he signed the note at the behest of the company's lawyers and accountants who were seeking to "create" assets for the company in contemplation of a private offering. Plaintiff's testimony was corroborated by Andrew Spencer, another officer at that time, who signed a note for $89,500. Spencer claimed he never owed this money, never repaid it and was never requested to repay it.
Marsh claimed that the note in question was signed because the plaintiff had borrowed or spent corporate funds for his personal use and owed the company $69,773. No credible evidence was presented to substantiate this claim.
The plaintiff also claims that he was released from payment when the company agreed to write off the note as a bad debt. Marsh signed Exhibit 1 which states "American Ingenuity, Inc. acknowledges that the note it holds with Mr. Gustamachio will be claimed as a bad debt." Marsh denies that he released the plaintiff in that acknowledgment.
For the following reasons, the court finds for the plaintiff on the set-off and counterclaim.
First, the court accepts the testimony of the plaintiff and Spencer that the notes signed by them were without consideration and were never intended to be collected by the corporation. The court does not believe that the corporation would never attempt to collect on the plaintiff's note or the Spencer note if these notes were valid and outstanding.
Secondly, the court finds the testimony of the plaintiff credible as to the meaning of the acknowledgment that the plaintiff's note would be claimed as a bad debt. It makes little sense to the court that Marsh would put this sentence into the letter to the plaintiff, reciting the corporation's wage debt to the plaintiff with a payment date when it claimed a debt due from the plaintiff three times that amount. This court holds that the words "bad debt" as used in Exhibit 1 were intended as a release to Gustamachio of his promissory note.[1]
The court therefore, finds in favor of the plaintiff on the set-off and counterclaim inasmuch as the defendants have failed to sustain their burden of proof.
 THE ISSUE AS TO WHETHER THE PLAINTIFF IS ENTITLED TO DOUBLE DAMAGES PURSUANT TO GENERAL STATUTES § 31-72
Section 31-72 provides for a discretionary award of double damages to employees who are successful in actions against their employers for wages due. Although the statutory language does not mandate evidence of bad CT Page 9330 faith, arbitrariness or unreasonableness, cases interpreting and applying this statute have required such evidence. ". . . awards for double damages and attorneys fees are inappropriate in the absence of the trial court's finding of bad faith, arbitrariness or unreasonableness." Butlerv. Hartford Technical Institute, Inc., supra, p. 470.
Liability on the wage claim was admitted during trial. It must be noted, however, that the action seeking payment on the wage claim was initiated prior to the time that the debt was due. Defendants waived the prematurity of the action. Therefore, the court cannot find that the failure to pay this claim entitled the plaintiff to double damages pursuant to § 31-72.
The court finds in favor of the plaintiff against all the defendants on the complaint, set-off and counterclaim, and awards damages as follows:
 Compensatory damages ......................................... $20,800.00 Statutory interest from 5/1/99 — 7/31/00 @ 10% ............... 2,426.67 Attorneys fees per § 31-72 ............................... 7,500.00 __________ TOTAL $30,726.67
Judgment may enter accordingly.
Freed, J.